UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                           :      09 Cr. 338 (RMB)
         - against -                    :
                                           :      **DECISION & ORDER**
MICHAEL CLOTT,                             :
                    Defendant.       :
------------------------------------------------------------x

      Having reviewed the record herein, including without limitation (1) Defendant Michael Clott's pro se letter motion, dated September 14, 2020, seeking compassionate release or, "if possible . . . a public defender or court appointed attorney to provide assistance in [] filing a request for compassionate release." See Mot. at 1; and (2) the Government's opposition, dated October 16, 2020, contending, among other things, that Clott "has not exhausted his administrative remedies." See Gov't Opp. at 2-3, **the Court denies without prejudice Clott's motion for compassionate release.**

      "Before a compassionate release motion can be considered [by the Court] on the merits, the defendant must exhaust administrative remedies." *See United States v. Williams-Bethea*, 464 F.Supp.3d 562, 565 (S.D.N.Y. 2020). "A defendant can meet the exhaustion requirement in either one of two ways: (1) by fully exhausting all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *See United States v. Vailes*, 2020 WL 3960505, at *2 (E.D.N.Y. July 13, 2020) (internal quotations omitted); *see also United States v. Scparta*, 2020 WL 1910481, at *4 (S.D.N.Y. Apr. 20, 2020).

      It appears that Clott has not yet pursued his administrative remedies. In his motion, Clott "does not allege that he has filed a Motion for Compassionate Release with the warden at [Clott's] facility or otherwise sought redress of his concerns within the BOP's administrative system." See Gov't Opp. at 2. And, according to the Government, neither the BOP nor the warden of Clott's

1

facility has received any request for compassionate release. Id.; Dec. 30, 2020 Email from Assistant U.S. Attorney Brandon Harper. Compassionate release motions may be denied where, as here, administrative remedies are not exhausted and waiver of the statutory requirements is not warranted. *See e.g. United States v. Brady*, 2020 WL 2512100, at *2 (S.D.N.Y. May 15, 2020); *United States v. Hernandez*, 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020).

**Conclusion & Order**

Defendant Clott's motion for compassionate release (and for appointment of counsel) [Dck. # 118] is respectfully denied without prejudice. *See e.g. United States v. Roberts*, 2020 WL 1700032, at *4 (S.D.N.Y. Apr. 8, 2020).

Dated: New York, New York
December 31, 2020

_____
**RICHARD M. BERMAN, U.S.D.J.**

2