**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
UNITED STATES OF AMERICA,                    :
                                             :
                        Government,          :                09 Cr 338 (RMB)
                                             :
- against -                                  :
                                             :          **DECISION & ORDER**
MICHAEL CLOTT,                               :
                                             :
                        Defendant.           :
------------------------------------------------------------------x

This Decision & Order resolves defendant Michael Clott's ("Clott") second pro se letter

motion for compassionate release, dated September 22, 2021, and supplemented on February 23,

2022, and June 6, 2022 ("Motion"). For the reasons stated below, the Motion is respectfully

denied.[1]

I.    Background

On December 14, 2009, Clott, now 69 years old, pleaded guilty to two counts of wire fraud,

in violation of 18 U.S.C. § 1343; one count of mail fraud, in violation of 18 U.S.C. § 1341; and

one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. (Presentence

Investigation Report ("PSR") ¶ 8.) These charges stemmed from a series of fraudulent schemes

involving real estate transactions. (PSR ¶¶ 13-21.) While awaiting sentencing, Clott "jumped bail"

and absconded. (Id.)

Following Clott's apprehension, on July 29, 2011, Clott pleaded guilty to bail jumping and

to a new count of wire fraud committed while on bail. (PSR ¶ 38-43.) Clott's cumulative

Sentencing Guidelines range was 259 to 317 months; his offense level was 33; and his criminal

---

[1] Any issues or arguments raised by the parties but not specifically addressed in this Decision &
Order have been considered by the Court and rejected.

history category was IV. (PSR ¶ 14.) On October 1, 2012, the Court sentenced Clott to 259 months'

imprisonment followed by three years of supervised release. (See Oct. 1, 2012 Judgment.)

Clott is currently incarcerated at FCI Yazoo City Low in Yazoo City, Mississippi. (See

Govt. Opp. 2, ECF No. 124.) His projected release date is September 8, 2028. (Id.)

On December 31, 2020, the Court denied Clott's first pro se motion for compassionate

release, dated September 14, 2020. Clott had contended that: (i) he has served more than half of

his sentence; (ii) he has not been subject to any "incident reports" while incarcerated; and (iii) he

suffers from various health problems, including arthritis, vision impairment, and high blood

pressure. (Sept. 14, 2020 Letter, ECF No. 118.) In denying Clott's first motion, the Court found

that "Clott has not yet pursued his administrative remedies." Dec. 31, 2020 Ord. at 1.

II.     Clott's Second Motion for Compassionate Release

In his second motion, Clott contends: (i) he has exhausted administrative remedies by

sending a compassionate release request to the warden of FCI Yazoo City Low "over a year ago

with no response from BOP"; (ii) his health issues remain the same "with the added issue of higher

blood pressure"; and (iii) he is now 69 years old, "already eligible for retirement benefits and [has]

completed over 65% of [his] current sentence, and [has] not received an incident report in 11

years." (Sept. 22, 2021 Letter, ECF No. 122.) Clott also requests that the Court appoint an attorney

to help him pursue his request for compassionate release. (June 6, 2022 Letter, ECF No. 125.)

The Government opposes Clott's Motion, arguing that: (i) in light of Clott's email to the

warden of FCI Yazoo City Low, "the Government no longer opposes [Clott's] Motion on the

grounds that he failed to exhaust his administrative remedies"; (ii) Clott's "medical records

establish that he is receiving care for all of his diagnosed medical conditions"; (iii) Clott's "age

alone, is not a sufficient factor to grant compassionate release in these circumstances"; and (iv)

"the factors set forth in 18 U.S.C. § 3553(a) weigh heavily against sentence reduction Clott seeks." (Gov't Opp. 1-4.) The Government provided Clott's medical records from October 25, 2015 to April 25, 2022 ("Med. Records").

III.    Legal Standard

"Before a compassionate-release motion can be considered on the merits, the defendant must exhaust administrative remedies." United States v. Williams-Bethea, 464 F. Supp. 3d 562, 565 (S.D.N.Y. 2020).

Under 18 U.S.C. § 3582(c)(1)(A)(i), "a court may reduce a defendant's sentence only if it finds that extraordinary and compelling reasons warrant such a reduction." United States v. Beniquez, 2021 WL 260225, at *2 (S.D.N.Y. Jan. 26, 2021) (internal quotation marks omitted). "The defendant bears the burden of proving that he is entitled to compassionate release." United States v. Phillibert, 2021 WL 3855894, at *2 (S.D.N.Y. Aug. 27, 2021).

The Court looks to § 1B1.13 of the Sentencing Guidelines for "guidance in the exercise of its discretion." United States v. Rodriguez, 2020 WL 7640539, at *3 (S.D.N.Y. Dec. 23, 2020). The district court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

The 18 U.S.C. § 3553(a) factors, including the danger a defendant poses to the community, "override any extraordinary and compelling reasons justifying his release." United States v. Serrano, 2020 WL 5259571, at *4 (S.D.N.Y. Sept. 3, 2020); accord United States v. Keitt, 21 F.4th 67, 73 (2d Cir. 2021).

"For the Court to order the appointment of counsel, the applicant must, as a threshold matter, demonstrate that his claim has substance or a likelihood of success on the merits." United States v. Garrison, 2020 WL 5253219, at *1 n.1 (S.D.N.Y. Sept. 3, 2020).

IV.   Medical Findings

    1.   Clott's medical records reflect that he has arthritis, vision impairment, high blood pressure, hypertension, and chronic neck and back pain. (See Med. Records at 1-2, 36.) It appears that Clott is being treated and is receiving medication for his medical conditions. (Id. at 3, 10); (see also Gov't Opp. 4.)

    2.   Clott is fully vaccinated and boosted against COVID-19. He received his second dose of the Moderna vaccine in March 2021 and a booster shot on November 3, 2021. (See Med. Records at 68.)

V.   Analysis

Exhaustion of Administrative Remedies

It appears that Clott has exhausted his administrative remedies by emailing a request for compassionate release to the warden of FCI Yazoo City Low and receiving no response from the prison. (Sept. 22, 2021 Letter.) "BOP has represented . . . that it appears the defendant made the request through the proper channels." (Gov't Opp. 2.)

Failure to Show Extraordinary and Compelling Reasons for Sentence Reduction

Clott has not shown "extraordinary and compelling reasons" to reduce his sentence. See, e.g., United States v. Pabon, 2021 WL 603269, at *3 (Inmates who have "received both doses of the COVID-19 vaccine, … [fail] to meet [the] burden of showing that any risk related to COVID-19 constitutes an "extraordinary and compelling" reason [to justify] early release from prison."). For one thing, courts in this district have found that defendants with medical conditions similar to Clott's do not present extraordinary and compelling circumstances. See United States v. Lora, 2022 WL 1055749 at *4 (S.D.N.Y. April 8, 2022) (denying compassionate release to defendant with diabetes and hypertension); United States v. Serrano, 2020 WL 4340639, at *1 (S.D.N.Y.

4

July 28, 2020) (court was "not persuaded that the combination of defendant's hypertension and age … amounts to an extraordinary and compelling circumstance") Second, Clott's age is not "a sufficient factor to grant compassionate release in these circumstances." United States v. Haney, 454 F. Supp. 3d 316, 323 (S.D.N.Y. 2020). Third, the absence of disciplinary incident reports, while encouraging, is insufficient to justify early release. See United States v. Brooker, 976 F.3d 228, 238 (2d Cir. 2020) (citing 28 U.S.C. § 994(t)) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

### The 18 U.S.C. § 3553(a) Factors Weigh Against Early Release

The factors set forth at 18 U.S.C. § 3553(a) weigh against reducing Clott's sentence. In particular, Clott's past behavior suggests that he is still a danger to the community. At sentencing, Clott's offense level was 33; his criminal history category was IV; and the Guidelines range was 259 to 317 months' imprisonment. (PSR ¶ 14.) Clott participated in several fraudulent financial schemes involving real estate transactions and launched new schemes while on bail and while he was bail jumping. Clott's schemes defrauded his victims of $9,141,481. (PSR ¶ 66.) After jumping bail and while a fugitive, Clott "also committed several wire and mail fraud offenses in the District of Massachusetts for which he was subsequently sentenced to 152 months' imprisonment to run concurrently with the sentence imposed in this District." (Gov't Opp. 2); see also Am. Judgment, United States v. Clott, No. 10-1036 (D. Mass. Feb. 20, 2013), ECF No. 48.

Clott's criminal history is substantial and bolsters the Government contention that he is "a serious white-collar recidivist" who, "despite multiple lengthy sentences, has continued to commit financial crimes while on bail, subject to supervised release, and while incarcerated." (Gov't Opp. 5-6.) Between 1987 and 1995, Clott was convicted of: (i) interstate transportation of forged securities and mail fraud (for which he was sentenced to 60 months' imprisonment); (ii) a pattern

of racketeering (for which he was sentenced to 150 months' imprisonment); (iii) bank fraud (for which he was sentenced to 18 months' imprisonment); and (iv) wire fraud and money laundering (for which he was sentenced to 150 months' imprisonment). (See PSR ¶¶ 66-75.) As this Court noted at sentencing, "Mr. Clott has not been deterred in the past." (Sentencing Tr. at 34:24-25); see also United States v. Robinson 2022 WL 507445 at *4 (S.D.N.Y. Feb. 22, 2022) (denying compassionate release where defendant had "a long criminal record entailing the commission of extremely similar crimes").

In sum, the six-year sentence reduction sought by Clott contravenes the purposes of sentencing, namely, to reflect the seriousness of the offenses, to promote respect for the law, to provide just punishment, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a).

VI.     Conclusion & Order

For the foregoing reasons, Clott's Motion (ECF Nos. 122, 123, 125) is respectfully denied.

Clott's request for appointment of counsel is also denied because he "has failed to show that his application for compassionate release is likely to have merit." See Garrison, 2020 WL 5253219, at *1 n.1.

Dated: New York, New York
       June 30, 2022

_Richard M. Berman_
RICHARD M. BERMAN, U.S.D.J.